11-657-cv
Jerram v. Cornwall Central School District

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
        *Circuit Judges*,
ROSLYNN R. MAUSKOPF,*
        *District Judge.*

_____

JILL JERRAM,

        *Plaintiff-Appellant*,

        -v.-                                          11-657-cv

CORNWALL CENTRAL SCHOOL DISTRICT, TIMOTHY REHM, Superintendent of Schools, sued in his individual capacity, MICHAEL BROOKS, Assistant Superintendent of Schools, sued in his individual capacity,

        *Defendants-Appellees.*

_____

---

* Judge Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:    STEPHEN BERGSTEIN (Helen G. Ullrich, *on the brief*), Bergstein & Ullrich, LLP, Chester, N.Y.

FOR APPELLEES:    GREGG T. JOHNSON, Lemire Johnson, LLC, Malta, N.Y.

Appeal from the United States District Court for the Southern District of New York (Patel, *J.*).[**]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED**.

Appellant Jill Jerram appeals from a judgment of the United States District Court for the Southern District of New York (Patel, *J.*), which granted Appellees' motion for summary judgment on Jerram's claims of gender harassment and discrimination in violation of Title VII and the Equal Protection Clause of the Fourteenth Amendment, retaliation in violation of Title VII, and retaliation in violation of the First Amendment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review a district court's grant of summary judgment *de novo*, viewing the facts in the light most favorable to

---

[**] Judge Marilyn Hall Patel, of the United States District Court for the Northern District of California, sitting by designation.

the non-moving party." *Amador v. Andrews*, 655 F.3d 89, 94 (2d Cir. 2011).  Although we view the evidence in favor of the non-moving party, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to withstand a summary judgment motion]; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks and alteration omitted) (emphasis in original).

We find no error in the district court's grant of summary judgment to Appellees on Jerram's Title VII hostile work environment claim and accompanying Equal Protection Clause claim.  To establish a hostile work environment claim, the plaintiff must demonstrate that the conduct complained of (1) is objectively pervasive or severe; (2) is subjectively pervasive or severe; and (3) occurred *because of* the plaintiff's gender.  *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (per curiam).  The plaintiff's burden of establishing that conduct is gender-based is rendered easier where the plaintiff is harassed in gender-specific terms; the plaintiff's task is more difficult where the conduct complained of is facially gender-neutral.  *See Raniola v. Bratton*, 243 F.3d 610, 621 (2d Cir. 2001).

Here, Jerram has fallen short of providing evidence from which one could reasonably determine that Brooks' conduct was gender-based. A number of school administrators, men and women alike, stated that Brooks was a direct, short, abrasive, and sometimes disrespectful supervisor. Brooks subjected many of his colleagues to the same behavior that Jerram complains of, and there is little evidence that Brooks treated women any worse than he treated men. Jerram's conclusory statements to the contrary do not rescue her claim. *See Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985).

We similarly reject Jerram's contention that the district court erred in granting summary judgment to Appellees on her Title VII retaliation claim. To establish a *prima facie* case of retaliation, the plaintiff must establish that "(1) she was engaged in an activity protected under Title VII; (2) the employer was aware of [the] plaintiff's participation in the protected activity; (3) the employer took adverse action against [the] plaintiff; and (4) a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer." *Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir. 2003) (internal quotation marks and citation omitted).

4

If the plaintiff succeeds in establishing her *prima facie* case of retaliation, then the familiar *McDonnell Douglas* burden-shifting framework applies. *See Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 (2d Cir. 2011). After a thorough review of the record, we find that Jerram has failed to raise a genuine issue of material fact from which a reasonable jury could conclude that she was a victim of unlawful retaliation.

Finally, we affirm the district court's grant of summary judgment to Appellees on Jerram's First Amendment retaliation claim, but for a different reason than those identified by the district court. *See Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010). To prevail on a First Amendment retaliation claim, a public employee must demonstrate at least that she was speaking as a citizen and not pursuant to her official duties. *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). The "inquiry into whether a public employee spoke pursuant to his or her official duties is a practical one," and the employee's official job description is not dispositive. *Weintraub v. Bd. of Educ.*, 593 F.3d 196, 202 (2d Cir. 2010) (internal quotation marks and citation omitted).

According to Jerram's brief, "[Pupil Personnel Services] oversees special education at the school district, including referrals, placement, curriculum, budgets, program development, professional development, staff supervision, grants and state revenue." Jerram Br. 2. Jerram was the Assistant Director of Pupil Personnel Services. She claims that Brooks may have been purposefully overestimating the number of special education teachers needed in the high school. She informed Jill Boynton, the Director of Pupil Personnel Services, and together they met with the district's superintendent to discuss the issue. Jerram also offered Boynton suggestions on how she could redirect the excess staff. Under these circumstances, it is clear that, as a practical matter, Jerram was speaking pursuant to her official duties when she brought the staffing issue to the attention of her superiors.

We have considered Jerram's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk